**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| GLENBROOK PATIOHOME, | § | |
| OWNERS ASSOCIATION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2929 |
| | § | |
| LEXINGTON INSURANCE COMPANY, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

In this insurance dispute arising from Hurricane Ike, the plaintiff, Glenbrook Patiohome Owners Association, has filed a motion to appoint an umpire. This court previously ordered the parties to participate in the contractually mandated appraisal process and stayed the litigation of the loss-valuation issues pending the outcome of that process. The litigation of the coverage issues is continuing.

The policy provides as follows:

> Appraisal. If we and you disagree on the value of the property or the amount of loss, either may make a written demand for appraisal of the loss. In this event, each party will select a competent, impartial appraise. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and the amount of loss. If they fail to agree, they will submit their different [sic] to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a. Pay its chosen appraiser; and
>
> b. Bear the other expenses of the appraisal and umpire equally.

The parties have selected appraisers but cannot agree on an umpire. The motion filed by the plaintiff requires this court to select the umpire. The role of the umpire under the policy is to receive the appraisers' statements of the value of the property and the amount of loss. If they disagree, the decision agreed to by any two of the three will be binding.

The plaintiff submitted a list of proposed umpires. In response, the defendant urges that given the umpire's role in this case, the primary criterion for selection after impartiality should be substantive expertise in the areas of valuation and damage analysis.

The appraisers the parties select have technical, substantive expertise in the relevant areas. Although the umpire selected by this court must be competent to evaluate conflicting evidence and information on valuation and property damage, there is no contractual or case-law requirement for a specific license or professional certification in a technical field. An umpire must combine competence in evaluating conflicting disputed evidence with experience and expertise in assuring a fair process. Because appraisal proceedings have little structure imposed by the policy, the umpire's role of assuring fairness of the process is at least as important as subject-matter expertise.

With these criteria in mind, this court selects as umpire Alvin L. Zimmerman, Esq., 3040 Post Oak Boulevard, 13th Floor, Houston, Texas 77056-6560; (713) 552-1234; fax (713) 963-0859; azimmerman@zimmerlaw.com. Mr. Zimmerman has years of experience and expertise in providing fair resolution processes for complex commercial disputes, including disputes over property valuation and damage. Mr. Zimmerman's experience and expertise fully qualify him to evaluate and weigh disputed and conflicting evidence, including technical evidence presented by warring experts. He is not an advocate and will provide impartial service with unquestionable integrity.

This court appoints Alvin Zimmerman, Esq. as umpire in this case. The parties are to

provide Mr. Zimmerman with full contact information for their selected appraisers no later than **August 15, 2011**.

        SIGNED on July 28, 2011, at Houston, Texas.

                                    Lee H. Rosenthal
                                  United States District Judge